UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNELL A. FRANKLIN,

      Plaintiff,

v.                          CASE NO. 8:23-cv-1546-SDM-CPT

DEPARTMENT OF DETENTION
      SERVICES, *et al.*,

      Defendants.

_____/

## ORDER

Franklin's complaint alleges that the defendants violated his civil rights while he was detained in a Hillsborough County jail. An earlier order (Doc. 3) grants Franklin leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the complaint "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), Franklin must file an amended complaint.

Franklin is advised that, although the factual allegations in a *pro se* complaint (including all reasonable and direct inferences) are accepted as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the factual allegations and reasonable inferences must "state a

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Twombly*, 550 U.S. at 555.  In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.  As summarized in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

The complaint must both contain "well-pleaded facts" and assert specific wrongful conduct because "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." *Iqbal*, 556 U.S. at 679.  *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Twombly*

specifically applies to a Section 1983 prisoner action. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

The fact that Franklin is proceeding *pro se* does not excuse his failure to comply with the basic pleading requirements imposed by the federal rules. And, although the district court must generously construe a *pro se* complaint, neither a district court nor a defendant is required to read between the lines to create a claim on Franklin's behalf. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*) (noting that while a *pro se* complaint "is held to a less stringent standard than a pleading drafted by an attorney[,] . . . [the complaint] must still suggest that there is at least some factual support for a claim") (citation omitted); *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1368–69 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (citations omitted).

Franklin was a pretrial detainee in the Falkenburg Road jail in Hillsborough County. On October 31, 2022, he was moved into confinement, stripped of his clothing, secured into a "restraining chair," deprived of a mattress or "bed-roll," and denied meals for a day. Franklin alleges that officers used excessive force and applied hand-cuffs so tightly that his hands were "numb for the next 5 months." He claims that

he suffered broken ribs and "damage to both rotator cuffs." Franklin complains about the disciplinary process, the inadequacy of medical treatment, the lack of access to the jail's law library while housed in confinement, and the un-constitutionality of charging him with both a disciplinary infraction and criminal battery on a law enforcement officer. The complaint comprises twenty numbered paragraphs, and each paragraph is labeled as a claim.[1] This order reviews the complaint as a whole and not by each numbered paragraph.

**Defendants Subject to Suit:**

Franklin must pursue his claims against the persons whose actions allegedly violated his civil rights. Franklin can pursue a Section 1983 action based on neither the person's supervising someone who allegedly wronged him nor the defendant's position as the employer of someone who allegedly wronged him. A claim against an employer based on an act by an employee asserts a claim under the principle of *respondeat superior*. Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*). The complaint must assert facts showing the direct and active involvement of each defendant in the alleged deprivation of Franklin's civil rights. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Goebert v. Lee County*, 510 F.3d 1312, 1331

---

[1] Page thirteen of the complaint contains paragraphs, each a "claim," numbered fourteen, fifteen, sixteen, and "fourteen(a)." The next page contains paragraphs numbered fifteen through eighteen. The numbering is wrong; Franklin must number the paragraphs in sequence and without repetition.

(11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions.").

Similarly, Franklin can pursue a claim against neither the "Department of Detention Services" nor the "Falkenburg Road Jail Night B" shift nor the "Hillsborough County Sheriff 's Office" nor the "Naphcare Medical Department" at the Falkenburg Road jail.  As *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013),[1] explains, neither a "Sheriff 's Office" nor a department or unit within the "Sheriff 's Office" is a legal entity subject to suit:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

**Grievance Procedures:**

Franklin cannot pursue a claim based on the jail's grievance procedure for the alleged violation of a right to due process.  "[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."  *Thomas v. Warner*, 237 F. App'x 435, 437–38 (11th Cir. 2007); *see also Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005) (holding that a prison inmate grievance procedure

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

is not constitutionally required and that a prison official's failure to take corrective action upon the prisoner's filing of a grievance amounts to no violation of due process); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Also, a prison official's failure to process a grievance is not actionable under Section 1983. *Thomas*, 237 F. App'x at 438 ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim.").

**Disciplinary Confinement:**

Franklin complains that his due process rights were violated because he was (1) forcibly stripped of his clothing without notice, (2) moved into confinement without probable cause and without notice, (3) placed in a "restraint chair" for three to four hours without probable cause, and (4) denied a disciplinary investigation report. Franklin represents that he was in disciplinary confinement for thirty days, and he contends (1) that both the disciplinary confinement and the criminal charge of battery on a law enforcement officer violates double jeopardy and (2) that his placement in disciplinary confinement was false imprisonment. When he filed a grievance about his disciplinary confinement, Franklin was advised that "you are a violent individual [and] you are not getting out of confinement." (Doc. 1 at 13, ¶15)

The due process procedural protections regarding disciplinary proceedings apply only to a prison inmate who loses credit toward an early release from his sentence of imprisonment. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Franklin was a pre-trial

detainee and lost no early release credits.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995),
explains (1) that *Wolff's* due process protection applies only if an inmate loses credit
toward an early release and (2) that "[a]dmittedly, prisoners do not shed all
constitutional rights at the prison gate, but [l]awful incarceration brings about the
necessary withdrawal or limitation of many privileges and rights, a retraction justified
by the considerations underlying our penal system."  An exception to the "loss of early
release credit" requirement is if the condition of confinement "imposes atypical and
significant hardship on the inmate in relation to the ordinary incidents of prison life."
*Sandin*, 515 U.S. at 484.  *See Overton v. Bazzetta*, 539 U.S. 126, 136–37 (2003) (providing
that the "withdrawal of visitation privileges for a limited period as a regular means of
effecting prison discipline" — in this case, a two-year withdrawal of visitation privileges
— is "not a dramatic departure from accepted standards for conditions of
confinement"); *see also Moulds v. Bullard*, 452 F. App'x 851, 854–55 (11th Cir. 2011)[1]
(recognizing that, under *Sandin*, a prisoner is "constitutionally entitled to procedural
due process" only if deprived of a protected liberty interest, such as early release credit
that shortens confinement, and that "Moulds was not entitled to procedural due process
during his disciplinary hearing" because he lost no credit toward an early release);
*Rodgers v. Singletary*, 142 F.3d 1252, 1252–53 (11th Cir. 1998) (holding that two months
of administrative confinement implicates no protected liberty interest).

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as
persuasive authority."  11th Cir. Rule 36-2.

Franklin had no right to notice before placement in confinement, and probable cause was not required to move him into confinement. The protection against double jeopardy is inapplicable because Franklin was not subjected to two criminal proceedings. *Ponte v. Real*, 471 U.S. 491, 495 (1985) ("[P]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.") (internal quote omitted). Franklin was not subjected to false imprisonment because he was already in jail and the jail officials had the legal right to determine his housing assignment. *See Solliday v. Fed. Officers*, 413 F. App'x 206, 210 (11th Cir. 2011) ("[A]n inmate has no liberty interest in a particular classification, prison assignment, or transfer even if the inmate loses access to rehabilitative programs and experiences more burdensome conditions than before."); *Adams v. James*, 784 F.2d 1077, 1082 (11th Cir. 1986) (recognizing "that prison officials control prison job assignments, cell assignments, and the like").

## Access to Law Library:

Franklin cannot pursue a claim based on the alleged denial of access to the jail's law library while he was housed in confinement. A confined person, whether in pre-trial detention or imprisoned serving a sentence, must have both "meaningful access to the courts," *Bounds v. Smith*, 430 U.S. 817, 823 (1977), and "a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement. But it is that capability, rather than the capability of turning pages in a law library, that is the touchstone." *Lewis v. Casey*, 518 U.S. 343, 357 (1996). As a consequence, a detainee's access to the courts must be reasonable — not unfettered —

and physical access to "turn pages in a law library" is not required.  Franklin had no

right to physically enter the library.

**<u>Conditions:</u>**

Although the Eighth Amendment, through the Due Process Clause of the

Fourteenth Amendment, forbids states from inflicting cruel and unusual punishment on

convicted offenders, punishment of a pretrial detainee violates the Due Process Clause.

Consequently, Franklin's claim is properly construed as a Fourteenth Amendment

claim challenging the conditions of his confinement as a pretrial detainee.  The

standards are the same whether reviewed under the Eighth or the Fourteenth

Amendment.  But the Due Process Clause creates no prohibition against uncomfortable

conditions and inconvenient restrictions.  "[I]f a particular condition or restriction of

pretrial detention is reasonably related to a legitimate governmental objective, it does

not, without more, amount to 'punishment.'"  *Bell v. Wolfish*, 441 U.S. 535, 539 (1979).

Eighth Amendment principles shape the standard applicable to pretrial detainees.

*Hamm v. DeKalb County*, 774 F.2d 1567, 1573–74 (11th Cir. 1985).

To prevail on a claim that the conditions of confinement violate the Due Process

Clause, a prisoner must meet both the objective and subjective prongs of the test for

alleging cruel and unusual punishment.  First, to meet the objective prong, an inmate

must show that the deprivation caused by the official's act or omission is sufficiently

serious to deny the minimal civilized measures of life's necessities.  *Rhodes v. Chapman*,

452 U.S. 337, 347 (1981).  Second, the subjective prong requires an inmate demonstrate

that a prison official acted (or failed to act) with deliberate indifference to a substantial

risk of a serious harm to the inmate.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 305 (1991).  Whether an official was subjectively deliberately indifferent depends on the constraints facing the official, not the effect on the prisoner.  Deliberate indifference requires both an official's awareness and the official's ability to remedy the condition.

The objective component is "contextual."  *Hudson v. McMillian*, 503 U.S. 1, 4 (1992).  As *Wilson v. Seiter*, 501 U.S. at 304, instructs:

> Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise — for example, a low cell temperature at night combined with a failure to issue blankets.

Under this "contextual" approach, however, conditions that might be deemed cruel and unusual if a permanent feature of a detainee's life may not offend the Constitution if imposed only temporarily.  "A filthy, overcrowded cell and a diet of 'grue[l]' might be tolerable for a few days and intolerably cruel for weeks or months."  *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978).  Franklin's claim that he was denied a "bed roll" and meals for a day asserts no violation of a constitutional right.

**Excessive Force:**

Franklin alleges that jail personnel broke his ribs, injured his shoulders, and applied handcuffs so tightly that his hands were numb for months.  A pre-trial detainee is protected under the Fourth Amendment from the use of excessive force.  "[A] pretrial detainee must show only that the force purposely or knowingly used against him was

objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015); *accord Piazza v. Jefferson Cty., Alabama*, 923 F.3d 947, 952 (11th Cir. 2019) ("After *Kingsley*, then, if force used against a pre-trial detainee is more severe than is necessary to subdue him or otherwise achieve a permissible governmental objective, it constitutes 'punishment' and is therefore unconstitutional.").

Franklin may be able to assert a civil rights claim based on  the alleged use of excessive force, but as explained above, the complaint must identify which person was directly involved in the use of force, what force that person allegedly used, and what injury he sustained by that force.

**Medical Care:**

A state has the constitutional obligation to provide adequate medical care — not mistake-free medical care — to those in confinement.  *Adams v. Poag*, 61 F.3d 1537 (11th Cir. 1995); *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989).  "Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violations merely because the victim is a prisoner.'"  *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment [actionable] under [Section 1983]."  *Estelle v. Gamble*, 429 U.S. at 106; *accord Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (applying *Gamble*).  "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice . . . ."

429 U.S. at 107; *accord Wallace v. Hammontree*, 615 F. App'x 666, 667 (11th Cir. 2015)
("Claims concerning the doctor's medical judgment, such as whether the doctor should
have used another form of medical treatment or a different diagnostic test, are
inappropriate claims under the Eighth Amendment.").

In Claim 13 Franklin alleges that proper medical care was denied or delayed.
(Doc. 1 at 12)  However, the complaint fails to identify a person who was directly
involved in the alleged denial or delay of medical care.

**Amended Complaint:**

Franklin may file an amended complaint, which must be complete because an
amended complaint supersedes the original complaint and, as a consequence, "specific
claims made against particular defendants in the original complaint are not preserved
unless they are also set forth in the amended complaint."  *Gross v. White*, 340 F. App'x
527, 534 (11th Cir. 2009); *see Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358
(11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the
original complaint."); *see also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016)
(describing as "irregular" a district court's construing together both an original and an
amended complaint).  In other words, the amended complaint must state each claim
without reliance on allegations in the earlier complaint.

Also, Franklin is advised that, if he fails either to move for an extension of time
or to file an amended complaint within the time allotted, this order dismissing the
initial complaint will become a final judgment.  *Auto. Alignment & Body Serv., Inc. v.*

*State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension.  And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted, but the dismissal is **WITHOUT PREJUDICE** to the filing of an amended complaint within **THIRTY (30) DAYS**.  The failure to timely file an amended complaint will result in the dismissal of this action without further notice.  The clerk must send to Franklin the required civil rights complaint form.

### A CAUTION TO MR. FRANKLIN

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint.  Therefore, Franklin

is strongly advised — before amending the complaint — to obtain legal advice and

assistance from a member of The Florida Bar.

      ORDERED in Tampa, Florida, on September 20, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE